ACCEPTED
06-15-00032-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/31/2015 3:11:56 PM
DEBBIE AUTREY
CLERK

No. 06-15-00032-CV

In the Court of Appeals

Sixth Judicial District

Texarkana, Texas

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

8/31/2015 3:11:56 PM

DEBBIE AUTREY
Clerk

*In re* CARLTON SEWELL, Relator

Original Proceeding from the County Court at Law of Hopkins County, Texas

PETITION FOR WRIT OF MANDAMUS

REAL PARTIES IN INTEREST'S MOTION FOR REHEARING

COME NOW, Real Parties In Interest ("RPI"), requesting the Court to grant RPI a rehearing on Relator's ("Sewell's") Petition for Writ of Mandamus, and for cause thereof, would respectfully show the Court as follows:

On August 24, 2015 the Court entered an order, conditionally granting the writ of mandamus in this case. Central to the Court's Opinion was the merits-preclusive effect of Admissions 2 and 4, which transformed the legal standard in the case from the "conscious indifference" standard, into the due process mandated, "flagrant bad faith or callous disregard" standard. The Court, finding no evidence of "flagrant bad faith or callous disregard" on the part of Sewell in failing to timely answer the Request for Admissions, conditionally granted the writ of mandamus.

However, the Court did not take into account RPI's "Prayer" in its Real Parties In Interest's Response to Relator's Petition for Writ of Mandamus. In said "Prayer" the RIP prayed the Court as follows:                     PRAYER

For the foregoing reasons, Real Parties In Interest pray the Court to strike those admissions having merits-preclusive effect, Admissions numbers 1,2,3,4,5,14,15,16;

1

strike those admissions that were withdrawn in the trial court, Admissions 8 and 9; and affirm those admissions having non-merits-preclusive effect, Admissions numbers 6,7,10,11,12,13; deny Carlton Sewell's Petition For Writ of Mandamus; and for such other relief, at law or in equity, to which they may be justly entitled.

RIP prayed the Court to strike Admissions numbers 2 and 4.

The Court held that because there was no showing that the admissions numbers 6,7,10,11,12, 13 were non-merits-preclusive, the Court had to presume that such admissions *were* merits-preclusive, and, thus, that due process concerns were implicated such that the legal standard for "good cause" to withdraw said deemed admissions was not the absence of "conscious indifference" but the higher legal standard of the absence of "flagrant bad faith or callous disregard for the rules."

RPI ask the Court to grant a rehearing to consider more closely the non-merits-preclusive nature of deemed admissions numbers 6,7,10,11,12,13.

RPI believe that Deemed Admission 6 is a non-merits-preclusive admission: "That you suggested to your brother Truitt Sewell, that the two of you get Velma Ruth Fitzgerald to change her will to benefit the two of you." Such an admission is a discrete fact, indirectly probative of the material issue of "intent." The deemed admission does nothing to prevent Sewell from freely testifying as to his own intentions. Nor does it prevent him from offering evidence of specific occasions on which he had opportunity to take advantage of the decedent, but chose not to. RPI know of no theoretical evidence, and assert that there is none, which in concert with the deemed admission, would work to limit Sewell from freely testifying as to his own intentions or from offering evidence of specific occasions on which he chose not to take advantage of the decedent. Therefore, Deemed Admission 6 is not merits-preclusive.

RPI believe that Deemed Admission 7 is a non-merits-preclusive admission: "That you told the White brothers in Vernon that Velma Ruth Fitzgerald was not competent when she signed their lease contract." Such an admission is a discrete fact, indirectly probative of the material issue of

2

"testamentary capacity." The deemed admission does nothing to prevent Sewell from putting on evidence of testamentary capacity either generally or at the time of her execution of the will. RPI know of no theoretical evidence, and assert that there is none, which in concert with the deemed admission, would work to prevent Sewell from freely putting on evidence of testamentary capacity.

RPI believe that Deemed Admission 10 is a non-merits-preclusive admission: "That you misrepresented the nature of Velma Ruth Fitzgerald's mental independence to Ray Johnson and his staff." Such an admission is a discrete fact, indirectly probative of the material issue of "testamentary capacity" and "undue influence." The deemed admission does nothing to prevent Sewell from putting on evidence of testamentary capacity either generally or at the time of her execution of the will. The deemed admission also does nothing to prevent Sewell from putting on evidence of the absence of undue influence, either generally or at the time of her execution of the will. RPI know of no theoretical evidence, and assert that there is none, which in concert with the deemed admission, would work to prevent Sewell from freely putting on evidence of testamentary capacity and the absence of undue influence. Therefore, Deemed Admission 10 is not merits-preclusive. However, if this Court finds Deemed Admission 10 to be merits-preclusive, RPI request that the Court strike Deemed Admission 10.

RPI believe that Deemed Admission 11 is a non-merits-preclusive admission: "That you had no contact with Velma Ruth Fitzgerald for years prior to accompanying Truitt and Laura Sewell to Dallas to visit her in a nursing home." Such an admission is a discrete fact, indirectly probative of the material issue of "intent." The deemed admission does nothing to prevent Sewell from freely testifying as to his own intentions. Nor does it prevent him from offering evidence of specific occasions on which he had opportunity to take advantage of the decedent, but chose not to. RPI know of no theoretical evidence, and assert that there is none, which in concert with the deemed admission, would work to limit Sewell from freely testifying as to his own intentions or from offering evidence of specific occasions on which he chose not to take advantage of the decedent. Therefore, Deemed

3

Admission 11 is not merits-preclusive.

RPI believe that Deemed Admission 12 is a non-merits-preclusive admission: "That you prevented Velma Ruth Fitzgerald from having telephone contact with her lifelong friend, Eunice Lee White." Such an admission is an an aspect of control by Sewell. However, this fact does nothing to prevent Sewell from showing that control of one's phone calls does not arise to the level of control that subverts and overcomes the mind. Additionally, such an admission does not prevent Sewell from putting on evidence that he did not exercise control over the decedent at the time she signed the will naming him as sole beneficiary. RPI know of no theoretical evidence, and assert that there is none, which in concert with the deemed admission, would work to limit Sewell from putting on evidence that he did not exercise control over the decedent at the time she signed the will. Therefore, Deemed Admission 12 is not merits-preclusive. However, if this Court finds Deemed Admission 12 to be merits-preclusive, RPI request that the Court strike Deemed Admission 12.

RPI believe that Deemed Admission 13 is a non-merits-preclusive admission: "That you habitually subjected Velma Ruth Fitzgerald to your control during the last year of her life." Such admission is probative of control. However, there are degrees of control that do not arise to the level of undue influence – i.e., to the level of subverting and overpowering the mind. And, the word "habitually" does not mean "in every instance;" therefore, the deemed admission does not prevent Sewell from putting on evidence that, at the time the decedent signed the will, he was not subjecting the decedent to his control. RPI know of no theoretical evidence, and assert that there is none, which in concert with the deemed admission, would work to limit Sewell from putting on evidence that he did not exercise control over the decedent at the time she signed the will. Therefore, Deemed Admission 13 is not merits-preclusive. However, if this Court finds Deemed Admission 13 to be merits-preclusive, RPI request that the Court strike Deemed Admission 13.

PRAYER

Therefore, RPI prays the Court to grant RPI a rehearing in this case and, upon rehearing, to strike Deemed Admissions 2 and 4, and, to the extent merits-preclusive, Deemed Admissions 10, 12, and/or 13; to hold that Deemed Admissions 6,7,10,11,12,13 are non-merits-preclusive admissions; that, therefore, the trial court used correct legal standard in determining that, because Sewell acted with "conscious indifference" in failing to timely answer the Request For Admissions Sewell's motion to withdraw the deemed admissions should be denied as to Deemed Admissions 6,7,11, and to the extent not merits-preclusive, Admissions 10, 12 and/or 13, thus, RPI pray the Court to reform the trial court's July 7, 2015 Order (attached hereto as Exhibit "A") to reflect that Admissions 1,2,3,4,5,8,9,14,15,16, and, to the extent merits-preclusive, Admissions 10,12 and/or 13, are withdrawn and made of no effect; and the withdrawal of deemed admissions by Carlton Sewell as to Admissions 6,7,11 and to the extent not merits-preclusive, Admissions 10, 12 and/or 13, is denied; and for such other relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted:

Chad Cable
State Bar No. 03575300
323 Gilmer Street
Sulphur Springs, Texas 75482
(903) 885-1500 Telephone
(903) 885-7501 Telecopier

ATTORNEY FOR CONTESTANTS

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the _____31_____ day of August, 2015, a true and correct copy was served on to Brad McCampbell, P.O. Box 38, Emory, Texas 75440, FAX (903) 473-3069, attorney of record or party in accordance with the Texas Rules of Civil Procedure.

Chad Cable

NO. PO8-13106

| | | |
|---|---|---|
| IN THE ESTATE OF | ) | IN THE COUNTY COURT |
| | ) | |
| VELMA RUTH FITZGERALD | ) | AT LAW OF |
| | ) | |
| DECEASED | ) | HOPKINS COUNTY, TEXAS |

### ORDER ON CONTESTANTS' NOTICE OF WITHDRAWAL
### AND REPUDIATION OF CERTAIN DEEMED ADMISSIONS

The Court acknowledges Contestants' Notice and Repudiation of Certain Deemed Admissions.

The Court ORDERS that Admissions 1, 3, 5, 8, 9, 14, 15, 16 are hereby withdrawn and made of no effect. The Court ORDERS that Contestants' Motion for Summary Judgment is likewise withdrawn and made of no effect. The Court reiterates its prior order that the withdrawal of deemed admissions by Carlton Sewell as to Admissions 2, 4, 6, 7, 10, 11, 12, 13 is denied, the Court finding that Carlton Sewell did not have "good cause" for withdrawal of such Admissions in that he acted with "conscious indifference" in failing to answer the Request for Admissions in this case.

Signed the 7th day of July, 2015.

_____
JUDGE PRESIDING

BY _____ DEPUTY

DEBBIE SHIRLEY
COUNTY CLERK

2015 JUL -7 A 9 18

FILED FOR RECORD
HOPKINS COUNTY, TEXAS